United States District Court
Eastern District of New York

**MINUTE ORDER**
**12cv1748 (DLI)(MDG) Corrado v. New York State Unified Court System**

This order addresses plaintiff's letter motion dated June 28, 2013 [48] for reconsideration of this Court's June 27, 2013 electronic order. In the order, this Court denied, <u>inter</u> <u>alia</u>, that aspect of plaintiff's motion to compel that sought production of investigative reports created by defendant's Inspector General. Plaintiff's motion for reconsideration is denied.

1. With respect to the investigative reports, plaintiff's belated reference to defendant's refusal in its initial disclosures to produce the reports does not suffice to give rise to a dispute appropriate for judicial determination. Fed. R. Civ. P. 26(a)(1)(A)(ii) requires production of a copy or <u>description</u> of relevant documents. After defendant described the documents in its disclosures, plaintiff neither made a formal document request nor an informal request by conferring with opposing counsel, as required by Local Civil Rule 37.3 and noted in the Court's prior order.

2. As for plaintiff's request for the last known addresses of non-parties, the only reference to such discovery was a footnote

in the original letter motion indicating that the addresses had not yet been produced.  Plaintiff did not clearly state in her motion, as required by Local Civil Rule 37.1, that she was also seeking production of that information.  Had plaintiff conferred with defendant, this issue may have been resolved since defendant's counsel has indicated that she expects to produce the address of Mr. Raniere within a few days and is actively working on arranging for Mr. Bratton's voluntary appearance for deposition.  Ironically, plaintiff filed her motion to compel only 12 days after the conference at which the Court directed defendant to provide the addresses, even though she did not serve her initial disclosures due on October 25, 2012 until May 20, 2013.

3.  In light of defendant's statement that a "written determination" of plaintiff's internal complaints does not exist, <u>see</u> ct. doc. 49, the Court vacates that portion of its order that required the production of such a document.

4.  Any future motion that does not fully comply with Local Civil Rules 37.1 and 37.3 will be summarily denied.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           June 28, 2013

                                      /s/_____
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE