UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

NICOLE CORRADO,

                 Plaintiff,

                                    ORDER

      - against -

                                    CV 2012-1748 (DLI)(MDG)

NEW YORK STATE UNIFIED COURT SYSTEM,

                 Defendant.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

Plaintiff Nicole Corrado brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. asserting claims of sexual harassment and retaliation. Plaintiff moves to disqualify counsel for defendant pursuant to the "witness-advocate" rule.

BACKGROUND

The Court relies primarily on the allegations in the complaint and plaintiff's affirmation in support of her motion ("Pl.'s Aff.") in discussing the pertinent background information. Some of the matters disputed or supplemented by Assistant Deputy Counsel Lisa Evans, counsel for defendant, in her declaration in opposition ("Evan's Decl.") are noted, but such factual disputes are not material to disposition of the motion.

Plaintiff alleges in her complaint that while working as an attorney for the New York State Supreme Court Appellate Division, First Department, Departmental Disciplinary Committee, she was subjected to sexual harassment between 2003 and 2009 by two male supervisors, Andral Bratton and Vincent Raniere.  In September 2008, plaintiff lodged a complaint with Alan Friedberg, then Chief Counsel to the Appellate Division, First Department, Departmental Disciplinary Committee, that she had been harassed and intimidated by both Bratton and Raniere.  Pl.'s  Aff. (ct. doc. 25) at ¶¶ 2-3.  Defendant denies that plaintiff included complaints about Mr. Raniere's conduct at this time, but both parties agree that the complaint she made was forwarded to John McConnell, who was then Clerk of the Court, Appellate Division, First Department.  Id.; Evans Decl. (ct. doc. 42) at ¶¶ 7, 8, 11 (stating that McConnell advised on July 20, 2009 that plaintiff had complained about harassment by Raniere).

At the direction of the Presiding Justice, Mr. McConnell referred the matter of harassment by Bratton to the Inspector General of the Unified Court System, which issued a report following an investigation.  Evans Decl. at ¶¶ 7-9.  In November 2008, Mr. McConnell met with plaintiff and told her that the Inspector General's office concluded in its report that the complaint of sexual harassment was unsubstantiated.  However, because the Inspector General also found that Bratton acted

inappropriately towards plaintiff, Bratton would be transferred to the Court's Law Department.

On May 29, 2009, plaintiff filed a charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission alleging that she was subjected to a hostile work environment, sexual harassment and retaliation.

Plaintiff states that on or about July 16, 2009, Mr. McConnell sent plaintiff an email directing her to attend a counseling session with Mr. Friedberg.  According to defendant, McConnell informed the Inspector General's office on July 20, 2009 that plaintiff had complained to him about harassment by Raniere.  Evans Decl. at ¶ 11.  After another investigation, the office issued a report on August 13, 2009 to the Presiding Justice.  Id. at ¶ 13.

Mr. McConnell subsequently met with plaintiff in August to discuss the findings of the Inspector General with respect to plaintiff's allegations of harassment by Mr. Raniere.  Mr. McConnell advised that the Inspector General had concluded that plaintiff's claims against Mr. Raniere were "unfounded." Concerned with Mr. Raniere's continued presence at the office, plaintiff subsequently took an unpaid leave of absence from her position from August 2009 to August 2011.

Mr. McConnell is now Chief Counsel to the Counsel's Office of the Office of Court Administration, the administrative arm of

-3-

the Unified Court System.  The Counsel's Office serves as the Office of Court Administration's law department for internal operations, including representing judges and nonjudicial employees in litigation affecting the Unified Court System. Defendant represents that Mr. McConnell has not supervised the details or direction of this litigation and will not do so in the future.

DISCUSSION

Plaintiff seeks to disqualify the Counsel's Office of the Unified Court System from representing defendant in this matter because its Chief Counsel, Mr. McConnell, is a material witness to facts relating to this case.  Defendant contends that there is no ethical violation here and that the Court should allow it to choose its own counsel for the pretrial stages of this case.

Rule 3.7(a) of the New York Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact."  N.Y. R. Prof'l Conduct § 3.7(a).  Disqualification under subsection (a) applies only when the attorney-witness actually serves as trial counsel.  See Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 179 (2d Cir. 2009); Finkel v. Frattarelli Bros., Inc., 740 F. Supp. 2d 368,

-4-

373 (E.D.N.Y. 2010).  Since Mr. McConnell is not trial counsel,

Rule 3.7(a) does not apply here.

Rule 3.7(b) of the New York Rules of Professional Conduct

provides that:

> A lawyer may not act as an advocate before a tribunal
> in a matter if . . . another lawyer in the lawyer's
> firm is likely to be called as a witness on a
> significant issue other than on behalf of the client,
> and it is apparent that the testimony may be
> prejudicial to the client.

N.Y. R. Prof'l Conduct § 3.7(b).

The Second Circuit has recognized that Rule 3.7 "lends

itself to opportunistic abuse." Murray, 583 F.3d at 178.  The

movant "'bears the burden of demonstrating specifically how and

as to what issues in the case the prejudice may occur and that

the likelihood of prejudice occurring to the witness-advocate's

client is substantial.'" Id. (quoting Lamborn v. Dittmer, 873

F.2d 522, 531 (2d Cir. 1989)).  "Prejudice" refers to testimony

"that is 'sufficiently adverse to the factual assertions or

account of events offered on behalf of the client, such that the

bar or the client might have an interest in the lawyer's

independence in discrediting that testimony.'" Id. (quoting

Lamborn, 873 F.2d at 531).

Motions brought under Rule 3.7(b) based on imputation

"should be ordered sparingly . . . and only when the concerns

motivating the rule are at their most acute." Id.  In such

cases, "a law firm can be disqualified by imputation only if the

-5-

movant proves by clear and convincing evidence that [A] the
witness will provide testimony prejudicial to the client, and [B]
the integrity of the judicial system will suffer as a result."
Id. at 178-79.  In imputation cases, the concerns underlying Rule
3.7 are "'absent or, at least, greatly reduced.'"  Id. at 178
(quoting Ramey v. Dist. 141, Int'l Ass'n of Machinists &
Aerospace Workers, 378 F.3d 269, 283 (2d Cir. 2004)).

     In this case, plaintiff has fallen far short of meeting this
standard.  Plaintiff has failed to identify any testimony that
Mr. McConnell is likely to offer that would be prejudicial to the
defendant.  See Finkel, 740 F. Supp. 2d at 377; Ross v. Blitzer,
2009 WL 4907062, at *3 (S.D.N.Y. 2009); Occidental Hotels Mgmt.
B.V. v. Westbrook Allegro L.L.C., 440 F. Supp. 2d 303, 315
(S.D.N.Y. 2006).  In fact, plaintiff recognizes that Mr.
McConnell "has a substantial interest in suggesting that
defendant's response to plaintiff's claims were appropriate and
proper at all relevant times."  Pl.'s Mem. (ct. doc. 25) at 5.
Plaintiff appears to conflate a conflict between the interests of
Mr. McConnell and the interests of plaintiff with a conflict
between the interests of Mr. McConnell and the interests of the
defendant.  See Pl.'s Mem. at 7 ("[t]his too, clearly
demonstrates that a conflict inheres in the interests between
McConnell and plaintiff, such that disqualification is
mandatory"); see also id. at 2 ("[t]he interests of plaintiff and

-6-

that of McConnell . . . are clearly adverse thereby warranting disqualification of the entire office he supervised").  The key inquiry is the potential prejudice to the client of the "attorney-witness," not prejudice to the opposing party.  Thus, plaintiff has not satisfied her burden of showing that there is a threat to the integrity of the judicial system implicated by Mr. McConnell's testimony.  In the event that discovery demonstrates that the interests of Mr. McConnell and the defendant diverge, plaintiff may renew her motion.  See Ross, 2009 WL 4907062, at *4 (denying motion to disqualify without prejudice).  However, disqualification by imputation is an "extreme remedy" that would require plaintiff to establish by clear and convincing evidence that defendant would be so prejudiced by Mr. McConnell's testimony that it would harm the integrity of the judicial system.

Plaintiff's argument that Mr. McConnell's testimony "would blur the line between argument and evidence" is also misplaced. Pl.'s Mem. at 8.  Mr. McConnell is not trial counsel in this case so that there is no risk that he will vouch for his own credibility or confuse the jury.  Certainly at the pretrial phase of this litigation, this is not a concern.  In fact, defendant represents that Mr. McConnell has no role in the conduct of this litigation.  Ms. Evans also stated at a prior proceeding that the Attorney General's Office may represent defendant at trial,

though this position has not been formally made in the written submissions.  As defendant notes, plaintiff may renew her motion closer to trial.

Moreover, the defendant is obviously a sophisticated client which wants its in-house counsel to handle this litigation at least at this pretrial stage.  A court should be reluctant to deprive defendant of its choice of counsel under these circumstances.  <u>See</u> <u>Evans v. Artek Sys. Corp.</u>, 715 F.2d 788, 791 (2d Cir. 1983) (noting that disqualification motions are disfavored because they impinge on a "client's right freely to choose his counsel").

CONCLUSION

For the foregoing reasons, plaintiff's motion to disqualify counsel for defendant is denied without prejudice.


**SO ORDERED.**

Dated:     Brooklyn, New York
           January 10, 2014

                                        /s/_____
                                        MARILYN DOLAN GO
                                        UNITED STATES MAGISTRATE JUDGE

-8-