UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

NICOLE CORRADO,

                              Plaintiff,        ORDER

        - against -                            CV 12-1748 (DLI)(MDG)

NEW YORK STATE UNIFIED COURT SYSTEM,

                              Defendant.

- - - - - - - - - - - - - - - - - - - X

By letter filed on March 14, 2013 (ct. doc. 73), Ambrose
Wotorson, counsel for plaintiff, seeks my recusal from pretrial
supervision of this action.  Plaintiff claims that recusal is
warranted for my failure to disclose that I served as a member of
the Governor's Task Force on Minority Representation on the Bench
(the "Task Force") from 1991-1992.  For the reasons set forth
below, plaintiff's application is denied.

DISCUSSION

A judge is required to recuse himself "in any proceeding in
which his impartiality might reasonably be questioned."  28
U.S.C. § 455(a) (1988).  The standard to be applied to a motion
to recuse is an objective one:  whether a reasonable person,
knowing all the facts, would conclude that the trial court's
impartiality could reasonably be questioned.  See Apple v. Jewish
Hosp. Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987).  A judge has

an affirmative duty not to disqualify himself unnecessarily.  See

LoCascio v. United States, 473 F.3d 493, 498 (2d Cir. 2007);

National Auto Brokers Corp. v. General Motors Corp., 572 F.2d

953, 958 (2d Cir. 1978).

Plaintiff contends that this Court's failure to disclose

participation on the Task Force is a basis for recusal and "[t]o

plaintiff, [t]his issue potentially establishes a conflict or, at

the very least, raises the appearance of one."  Ct. doc. 73 at 2.

In particular, plaintiff is concerned with "this Court's

connection or affiliation to either of the two Cuomo

administrations . . ."

First, plaintiff is wrong that the Court has not disclosed

its participation in the Governor's Task Force.  The biography

posted on this Court's website includes my membership on the Task

Force, and to the best of my knowledge, has been unchanged since

before commencement of this action.  See

http://www.nyed.circ2.dcn/dc/Court_Directory/Judicial_Officers/Ma

gistrate_Judges/MDG/mdg.html.

Importantly, no reasonable person would conclude that this

Court's impartiality could reasonably be questioned because of my

membership on the Task Force.  The Task Force was charged with

the duty to prepare a report to the Governor which would, inter

alia, "identify the causes of under-representation of minorities

on the New York State bench, ... [and to d]etermine which

changes, if any, to the judicial selection process would likely

increase minority representation on the bench. . ."  N.Y. Comp.

Codes R. & Regs. tit. 9, § 4.149 (1991).  I served in my capacity

as a member of the private bar and, like other members on the

Task Force, received no compensation.  Id.  My participation on

the Task Force could hardly be viewed as a "connection or

affiliation" to the current or past Cuomo administrations, or

even qualify as government service meriting recusal.  Cf. Matson

v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57 (2d Cir.

2011) ("A judge's prior governmental service, even with the same

entity appearing before the judge as a party, does not

automatically require recusal"); see Longi v. New York, 363 Fed.

App'x 57 (2d Cir. 2010) (affirming denial of recusal motion where

district judge and magistrate judge were previously employed by

defendants).  The facts alleged by plaintiff and the parties to

this case have nothing whatsoever to do with the work of the Task

Force.

     Moreover, the familial relationship between then Governor

Mario Cuomo, who appointed me to the Task Force, and the current

Governor Andrew Cuomo, has no bearing on this case.  The

plaintiff has sued the Unified Court System, a separate branch of

the New York state government.  See generally In re N.Y. State

Inspection, Sec. and Law Enforcement Employees, District Council

82, AFCME, 64 N.Y.2d 233, 239 (1984) (discussing separation of

powers of government of State of New York).  Plaintiff's argument

is based on such an attenuated connection as to be patently

frivolous.[1]  See <u>Ransmeier v. Mariani</u>, 718 F.3d 64, 70 (2d Cir.

2013).

CONCLUSION

There being no appropriate basis for recusal, plaintiff's

application is denied.

**SO ORDERED.**


Dated:  Brooklyn, New York
        March 17, 2014


                                        /s/
                                        MARILYN DOLAN GO
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Although counsel carefully couches his argument as his
client's view, he is responsible for the arguments that appear in
his motion papers.  <u>See</u> Fed. R. Civ. P. 11(b), (c)(1).