UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NICOLE CORRADO, :
:
                Plaintiff, :
: **SUMMARY ORDER**
                -against- :
: 12-CV-1748 (DLI)(MDG)
NEW YORK STATE UNIFIED COURT :
SYSTEM, :
:
                Defendant. :
:
---------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

    Plaintiff Nicole Corrado ("Plaintiff"), an attorney, brings this employment discrimination action against the New York Unified Court System ("Defendant"). (Compl., Doc. Entry No. 1.) Presently before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 72(a), to set aside or modify the decision of Magistrate Judge Marilyn D. Go, after a hearing on December 14, 2012, denying Plaintiff's application to refer this action to a federal agency for an investigation of "potential criminal and/or unethical activity" relating to the alleged spoliation of evidence. (Mot. at 1, Doc. Entry No. 27.) Plaintiff's motion is denied.

    As to the non-dispositive matter at issue here, the Court "must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R. Civ. P. 72(a)). The Supreme Court has held that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)). Indeed, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer*

1

*City*, 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)). Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002). "Where, as here, a magistrate judge makes a decision at least partially based on a credibility determination, greater deference may be appropriate." *MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Sec. Inc.*, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citing *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)). Thus, a party seeking to overturn or modify a discovery order bears a heavy burden.

On April 10, 2012, Plaintiff, represented by Borrelli & Associates ("Borrelli"), filed the instant action. (*See* Compl.) In August 2012, Plaintiff decided to retain new counsel, and Borrelli withdrew from the case. (Borrelli Mot. to Withdraw, Doc. Entry No. 9; 8/28/12 Minute Entry.) Thereafter, Plaintiff, proceeding *pro se*, submitted a letter to the Court alleging that Borrelli mishandled her case file. (*See* Pl.'s 8/31/12 Let. at 1, Doc. Entry No. 10.) Plaintiff claimed, *inter alia*, that documents were missing from Borrelli's copy of her Equal Employment Opportunity Commission ("EEOC") file and requested that the Court "refer this matter to the US Attorney's Office, the FBI or any other agency or office this Court may deem appropriate for immediate action and investigation . . . ." (Pl.'s 8/31/12 Let. at 2.) Borrelli denied any impropriety, clarifying that it maintains a paperless office and returned Plaintiff's entire case file in digital form within days of Borrelli's withdrawal from the case. (Borrelli's 9/25/12 Let. at 2, Doc. Entry No. 11.)

On October 18, 2012, Defendant submitted a letter indicating that Plaintiff's EEOC file had been destroyed by a flood in the EEOC office. (Def.'s 10/18/12 Let., Doc. Entry No. 14.)

On November 5, 2012, Plaintiff, now represented by Ambrose W. Wotorson, Esq., ("Wotorson"), submitted a letter to the Court alleging her EEOC file was purposefully destroyed in order to sabotage her case. (Pl.'s 11/5/12 Let., Doc. Entry No. 16; First Notice of Appearance, Doc. Entry No. 12.) Plaintiff requested an evidentiary hearing and reiterated her request that the Court refer the matter for a criminal investigation. (Pl.'s 11/5/12 Let. at 1, 4-5.) Defendant and Borrelli again denied Plaintiff's allegations of evidence tampering, contending that Plaintiff's claims were based on "mere conjecture" and "rooted in fantasy." (Def.'s 11/16/12 Let., Doc. Entry No. 17; Borrelli's 11/15/12 Let. at 1, Doc. Entry No. 19.) On November 21, 2012, Plaintiff submitted yet another letter to the Court, reiterating her accusations of spoliation and noting that the Complaint alleges "defendant's history of pervasive retaliatory activities directed at plaintiff." (Pl.'s 11/21/12 Let., Doc. Entry No. 18.)

On December 14, 2012, Magistrate Judge Go held a hearing, at which Plaintiff, Defendant, and a representative for Borrelli appeared. After hearing from the parties at length, Magistrate Judge Go concluded Plaintiff had failed to demonstrate that any documents were missing from the file transmitted to her by Borrelli and declined to refer the case for a criminal investigation. (12/14/12 Minute Entry.) In January 2013, Mr. Wotorson withdrew from the case at Plaintiff's request. (Pl.'s 1/2/13 Let., Doc. Entry No. 23; Wotorson Mot. to Withdraw, Doc. Entry No. 24; 1/7/13 Minute Entry.) On February 25, 2013, Plaintiff, again proceeding *pro se*, appealed Magistrate Judge Go's denial of Plaintiff's request to refer the case for a criminal investigation and to stay the case pending determination of the matter. (MJ Appeal, Doc. Entry No. 27.) On April 30, 2013, Mr. Ambrose again appeared in this case on behalf of the Plaintiff. (Second Notice of Appearance, Doc. Entry No. 35.)

Based on the parties' submissions and the transcript of the December 14, 2012 hearing,

3

the Court is satisfied that Magistrate Judge Go's decision was well within her discretion to resolve non-dispositive disputes. Indeed, the magistrate judge would not have erred had she denied Plaintiff's request for a hearing in its entirety. Even when granted a hearing, Plaintiff presented no plausible evidence of impropriety on behalf of the Defendant, the EEOC, or Borrelli. Indeed, Plaintiff could not identify credibly a single document that was missing from her file or any actionable misconduct by any of the parties. Instead, Plaintiff's claims appear to be based completely on speculation and Plaintiff's disagreement with Borrelli's practice of maintaining a paperless office. Accordingly, the Court finds that Plaintiff has failed to show any error, let alone clear error, on the part of the magistrate judge.

It also bears noting that Mr. Wotorson's conduct at the December 14, 2012 hearing, at which he continually and disrespectfully interrupted Magistrate Judge Go, is completely unacceptable. (*See*, *e.g.*, 12/14/12 Tr. of Civil Cause for Hearing at 8-9, Doc. Entry No. 22.) Mr. Wotorson is admonished to conduct himself civilly towards all officers of the court, and to refrain from pursuing frivolous motions as he has in this case or face sanctions either under Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927. Additionally, as an attorney, Plaintiff is held to a higher standard than a typical *pro se* litigant, and the Court expects to comport herself accordingly.

In sum, Magistrate Judge Go did not err by denying Plaintiff's request to refer this matter for a criminal investigation. Accordingly, Plaintiff's Rule 72 motion is denied in its entirety.

## CONCLUSION

For the reasons set forth above, Plaintiff's appeal of Magistrate Judge Go's Order is denied.

SO ORDERED.

Dated: Brooklyn, New York
       July 17, 2014

                                             /s/
                                    DORA L. IRIZARRY
                                 United States District Judge