```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - -X

NICOLE CORRADO,

                                        ORDER

                      Plaintiff,

                              12-cv-1748(DLI)(MDG)

    - against -

NEW YORK STATE UNIFIED COURT SYSTEM, <u>et
al.</u>,

                    Defendants.

- - - - - - - - - - - - - - - - - -X

    Plaintiff moves for reconsideration of this Court's January 13, 2015 order granting the newly added individual defendants an extension of time to answer the amended complaint. <u>See</u> ct. doc. 106.

## DISCUSSION

    Local Civil Rule 6.3 provides that within 14 days of the entry of an order a party may move for reconsideration identifying "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3.

    The standard for granting a motion for reconsideration is "strict." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Id.</u>

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.; see In re Bear Stearns Companies, Inc., 2011 WL 4063685, *1-*2 (S.D.N.Y. Sept. 13, 2011); Dira Realty, LLC/CMP Improvements, Inc. v. Local 1031, 2010 WL 5449851, *2-*3 (E.D.N.Y. Dec. 28, 2010).

Plaintiff requests that the Court reconsider the extension to the extent that the Court relied on the existence of section 1981 or 1983 claims which had been dropped in the amended complaint and no longer give rise to an obligation by the Office of the Attorney General to make a determination regarding representation under N.Y. Pub. Off. Law § 17. Although plaintiff is correct that the Court erred in referring only to one clause of Section 17 regarding representation of individual defendants sued under section 1983, the other provisions broadly cover the remaining claims here; section 17 provides for the defense of an employee of the State in any action "arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties" regardless of whether the claims against the employee are brought under section 1983. See Pub. Off. Law § 17(2)(a). The concerns expressed by the Second Circuit in Patterson v. Balsamico, 440 F.3d 104 (2d Cir. 2006), that a governmental entity make a considered determination as to representation of individual officers and employees still remain. Thus, the absence of a section 1983 claim against the individual

-2-

defendants does not "alter the conclusion reached by the Court." Moreover, that certain of the defendants may not have yet requested representation from the Attorney General's Office does not bar the State from offering those employees representation.

Plaintiff also complains about the Court's statement that plaintiff has "contributed to considerable delay, including failing to provide her initial disclosures until more than two years after commencement of this action." <u>See</u> ct. doc. 105 at 3. Plaintiff states that the Court "granted plaintiff approximately three short extensions of 5-10 days to serve automatic disclosures." <u>See</u> ct. doc. 106 at 1. Plaintiff's characterization is belied by the record. In fact, as plaintiff acknowledges, this Court first ordered initial disclosures to be served by October 25, 2012. At a conference held on December 14, 2012, the Court noted that plaintiff "failed to serve automatic disclosures as ordered" and extended her time to do so to January 4, 2013. <u>See</u> minute entry dated 12/14/12. Plaintiff sought and was granted four further extensions. <u>See</u> electronic order dated 12/21/12 (extension to 2/25/13); minute entry dated 2/8/13 (extension to 3/1/13); electronic order dated 3/6/13 (extension <u>nunc</u> <u>pro</u> <u>tunc</u> to 3/13/13); electronic order dated 3/14/13 (extension <u>nunc</u> <u>pro</u> <u>tunc</u> to 3/29/13). On March 28, 2013, plaintiff sought a stay of the proceedings so that she could obtain new counsel, which was granted up to May 15, 2013. <u>See</u> ct. docs. 31, 34. On May 23, 2013, plaintiff filed a letter stating that she served initial disclosures on May 20, 2013 and

asking that the Court excuse the late disclosure.  See ct. doc. 39.  The Court reluctantly granted the request "[w]ithout excusing the lateness of plaintiff's disclosures" and in the interest of proceeding on the merits."  See electronic order dated 6/4/13.

Given the Court's indulgence to plaintiff in the interest of resolving this case on the merits, plaintiff's vigorousness in opposing an extension here is unreasonable.  However, this case is expected to proceed expeditiously after appearance of the newly named defendants.

**SO ORDERED.**

Dated:    January 26, 2015
          Brooklyn, New York

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE