UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NICOLE CORRADO, *pro se*,               :
                                        :
                         Plaintiff,     :
                                        :      **SUMMARY ORDER**
           -against-                    :      12-cv-1748(DLI)
                                        :
NEW YORK UNIFIED COURT SYSTEM, *et al.*, :
                                        :
                         Defendants.    :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Nicole Corrado[1] ("Plaintiff") mailed a letter to the Court dated April 2, 2015, seeking to have the Court recuse itself from the instant action. (*See generally* Letter from Nicole Corrado, Dkt. Entry No. 140.) Defendants objected. (*See generally* Letter from New York Unified Court System, Dkt. Entry No. 139; Letter Responding to Plaintiff's Letter Dated 4/2/2015, Dkt. Entry No. 142.) For the reasons set forth below, Plaintiff's motion is denied.

Although Plaintiff does not cite to any legal authority in her letter, the Court construes Plaintiff's letter as a motion for recusal under 28 U.S.C. § 455(a). Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a motion for recusal, the court must ask the following question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would

---

[1] Plaintiff was represented by counsel until yesterday. However, Plaintiff is an experienced attorney, and, as such, the Court is not obligated to construe her pleadings liberally. *Bliven v. Hunt*, 478 F.Supp.2d 332, 334 (E.D.N.Y. 2007) (holding that experienced attorney not entitled to degree of liberality given to non-attorney *pro se* plaintiffs) (citations omitted); *Maloney v. Cuomo*, 470 F.Supp.2d 205, 209 (E.D.N.Y. 2007) (stating that, "[a]lthough the Court normally will hold the pleadings of a *pro se* plaintiff to a less rigorous standard of review than pleadings drafted by counsel, as an experienced attorney the plaintiff's papers in this case are not entitled to such special consideration") (citing *Goel v. United States DOJ*, 2003 WL 22047877, at *1 (S.D.N.Y. Aug. 27, 2003)).

1

an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F. 3d 764, 775 (2d Cir. 2007) (internal citations omitted).

Plaintiff has not pointed to any case law or alleged a single fact, or articulated any reason as to why this Court's impartiality reasonably could be questioned. Instead, Plaintiff merely discusses events that happened over a decade ago, are moot, and have no relevance whatsoever to the present action. Indeed, it is questionable whether Plaintiff even has standing to make the recusal motion as she does not allege harm to herself, but rather to a defendant in the case, a fact further supported by the objection to the recusal motion by Defendant Roy L. Reardon, the purportedly harmed party. It bears noting, as set forth in the opposition letters by the Individually Named Defendants (Dkt. Entry No. 142) and the New York State Unified Court System Defendant (Dkt. Entry No. 139), that Plaintiff's recusal motion is procedurally flawed. She still was represented at the time her letter was submitted to the Court since the magistrate judge had not yet ruled on her attorney's motion to withdraw. Significantly, as noted by Defendants, Plaintiff sought to circumvent this Court's rulings denying Plaintiff leave to supplement her opposition to the pending motion to dismiss by raising the arguments in her recusal letter. Finally, the utter frivolousness of this recusal motion is yet another reflection of the vexatious nature in which Plaintiff has litigated this matter through her failure to follow proper procedure and obey court rulings, and submission of meritless requests, such as the requests concerning information about Defendant Reardon's spouse. As Plaintiff has failed to articulate any facts or reasons or cite to any legal authority justifying the Court's recusal, and as Defendants object to Plaintiff's request, Plaintiff's recusal motion is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's recusal motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
April 10, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge